# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEGGY A. GRONDIN,<br>Plaintiff,<br><br>v.<br><br>DOVER SADDLERY DIRECT, INC.,<br>DOVER SADDLERY RETAIL, INC., and<br>DOVER SADDLERY, INC.<br>Defendant. | Case No. |

## COMPLAINT - DEMAND FOR JURY TRIAL

The plaintiff, Peggy A. Grondin, hereby files this Complaint against defendants Dover Saddlery Direct, Inc., Dover Saddlery Retail, Inc., and Dover Saddlery, Inc., and alleges as follows:

## Parties

1. The plaintiff, Peggy A. Grondin ("Grondin"), is an individual residing at 237 Beechnut Drive, North Conway, NH 03860.

2. The defendant, Dover Saddlery, Inc. ("Dover") is a Massachusetts corporation, with principal office addresses of 525 Great Road, Littleton, MA 01460 and mailing address of PO Box 1100, Littleton, MA 01460. Dover Saddlery, Inc. is registered as a domestic corporation in Massachusetts, and also as a Delaware foreign corporation registered to do business in Massachusetts.

3. The defendant, Dover Saddlery Direct, Inc. ("Direct") is a Delaware corporation, with principal office addresses of 525 Great Road, Littleton, MA 01460 and mailing address of PO Box 1100, Littleton, MA 01460.

4. The defendant, Dover Saddlery Retail, Inc. ("Retail") is a Delaware corporation, with principal office addresses of 525 Great Road, Littleton, MA 01460 and mailing address of PO Box 1100, Littleton, MA 01460.

5. Dover, Direct, and Retail have common ownership and work together towards a common enterprise, and are collectively referred to herein and hereafter as "Dover".

6. Dover formerly had an office location in New Hampshire with an address of 2541 White Mountain Highway, North Conway NH, 03860. Upon information and belief, the office closed on or about March 1, 2017.

## Jurisdiction and Venue

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b), as the plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. §207, arises under federal law.

8. The Court additionally has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship, with plaintiff residing in New Hampshire and the defendants all having a principal place of business in Massachusetts, and this matter having an amount in controversy in excess of $75,000.00.

9. The Court has jurisdiction over the other counts of plaintiffs' complaint pursuant to 28 U.S.C. § 1367.

10. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1) because the defendants' principal place of business is in Littleton, Massachusetts.

# Facts

**A.     Facts regarding FLSA Violation**

11.     The Plaintiff Grondin was employed by Dover at its North Conway location as a Graphic Designer for approximately 20 years.

12.     Dover's business involves the sale of equestrian apparel and equipment, generally by mail order catalog.

13.     At all times during Grondin's employment, she worked at Dover's North Conway office, and was expected to work in the office.

14.     At all times relevant, Grondin's work was an integral part of Dover's business, and Grondin was economically dependent on Dover.  In fact, she was told by Dover not to do work for others.

15.     At all times relevant, Grondin had no managerial duties outside the office, or investment in equipment, and her managerial skills could not affect her profit or loss.

16.     At all times relevant, it was the employer who made all investments in facilities and equipment.  All equipment, including her computer, were owned by the company; and systems, including e-mail, were controlled by the company.

17.     At all times relevant, Grondin exercised no independent business judgment, but rather was directed and controlled in her activities by Dover.  Her assignments were provided by Dover, and her hours were controlled by Dover.

18.     At all times relevant, Grondin's employment was generally of a permanent and indefinite nature.  Grondin worked for Dover for approximately 20 years.

19.     At all times relevant, Dover controlled the terms of Grondin's work and employment.  She was not free to work for others or hire helpers, was expected to be at Dover's facility,

was controlled in her assignments and hours by Dover, used Dover's systems, and generally was directed by Dover in her day-to-day activities.

20. At all times relevant, Grondin's hours over the year would fluctuate, but during times that Dover's catalogs were to issue, Grondin worked significant amounts of overtime, such that upon information and belief, she worked up to 300 hours a year in overtime, namely amounts in excess of 40 hours.

21. Ms. Grondin was not paid the statutory rate of pay for such overtime.

22. Despite being an employee under the statutory definition, Mr. Grondin was not compensated like an employee, and Dover did not pay her like their other employees which were properly classified as employees. Among other benefits, and over the entire time Grondin worked, Dover wrongfully did not provide Grondin compensation for:

 a. Statutory pay for overtime hours worked;

 b. Vacation pay.

 c. Paid holidays, sick pay, and personal day pay.

 d. Raises, and bonuses;

 e. Employer side FICA contributions (self employment taxes);

 f. Health Insurance Coverage;

 g. Short term and long term disability coverage;

 h. 401k contributions and participation and/or ERISA-plan contributions and participation,

 i. workers' compensation coverage, unemployment coverage, and family and medical leave;

 j. other benefits of employment.

23. Grondin's work, and Dover's business, was regularly engaged in interstate commerce for the entire period of her employment.

24. Dover's gross volume of business exceeded $500,000.00 for all periods of Grondin's employment.

25. On or about March 1, 2017, Dover shut the North Conway office and terminated all employees, including Ms. Grondin.

26. Upon information and belief, Dover had a number of other employees misclassified as independent contractors that were also terminated.

B. **Facts regarding Harassment and Assault by Other Employee**

27. In or around 2007, Dover hired an employee named Louise Taylor ("Taylor") for the North Conway office.

28. Over the course of her employment, Taylor engaged in a pattern of escalating harassment and threats against Grondin, which were generally relative to Ms. Grondin's absences from the office, and concerns Ms. Taylor had about Ms. Grondin's absences from the office affecting the office and its business, including getting the mail order catalog produced.

29. Over the course of Taylor's employment, Grondin reported to Dover at least three incidents where Taylor harassed and threatened Grondin, including with violence.

30. Dover took no action with respect to these complaints.

31. This pattern culminated in an incident on August 4, 2016, when Ms. Taylor confronted Ms. Grondin about Ms. Grondin being out of the office, demanding to know where Ms. Grondin was, and demanding that Ms. Grondin maintain her presence in the office. Taylor then proceeded to shove Grondin twice, and then slammed the door and confined Grondin in the room in which the assault took place.

32. Another employee intervened, and Grondin left the office crying, confused, and scared.

33. At least portions of this incident were witnessed by Grondin and Taylor's immediate supervisor, Lynn Hjelmstad. Moreover, Grondin explained the incident to Hjelmstad, and Grondin reminded Hjelmstad that this was the third incident that Grondin had reported to Dover involving Taylor's inappropriate treatment of Grondin.

34. Rather than taking action, Hjelmstad told Ms. Grondin to return to work, despite working in the same small office as Ms. Taylor.

35. Ms. Grondin requested a plan to keep Ms. Grondin safe, and feeling protected. Ms. Hjelmstad told Ms. Hjelmstad asked her to wait the weekend. The next Monday, Ms. Hjelmstad indicated that she did not have a plan; but that Ms. Taylor was on vacation for the week.

36. By Friday, August 12, 2016, Ms. Hjelmstad had not provided Ms. Grondin with a plan, and Ms. Hjelmstad took an unanticipated vacation day.

37. Anticipating Ms. Taylor's return, and with Ms. Hjelmstad out, Ms. Grondin contacted Whitney Keeley on Friday, Ms. Hjelmstad's supervisor and the next in the chain of command, to discuss a plan.

38. When Ms. Grondin returned to work after being told a formal plan was in place, Ms. Grondin learned that she was still expected to be in the same room as Ms. Taylor, and work directly with Ms. Taylor. Dover had simply moved Ms. Grondin and Ms. Taylor one computer station apart.

39. Ms. Grondin was unable to return to the workplace without further assurances, and Dover did not make any further accommodations.

40. As a direct result of the actions, and pattern of actions of Ms. Taylor, and/or the pattern of inaction of Dover in response to such actions, Grondin has suffered a full spectrum of

florid symptoms of posttraumatic stress disorder, including intrusive thoughts and images of being assaulted, nightmares, emotional reactivity, avoidance, sleep disturbance, hypervigilance, a loss of interest in previously enjoyable activities, depressed mood, extreme anxiety and fear, and panic attacks.

41. Despite treatment, she continues to suffer from extreme anxiety and emotional distress.

42. On or about March 1, 2017, Dover told Grondin that she had been terminated.

## CLAIMS FOR RELIEF

### Count I – Violation of the Fair Labor Standards Act of 1938

43. The plaintiffs reallege and reassert the allegations of each preceding paragraph as if fully set forth herein.

44. At all times material herein, the plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

45. The FLSA regulates, among other things, the payment of overtime pay by employers whose employers are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

46. The FLSA also regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

47. The Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and its employees are engaged in commerce.

48. The Defendants violated the FLSA by failing to pay all minimum wage and overtime wages due to the Plaintiff, failing to property calculate Plaintiff's regular rate or pay for determining the overtime premium pay owed, and improperly deducting money from Plaintiffs' pay.

49. As to the Defendants, Plaintiff is entitled to damages equal to the mandated minimum wage and overtime premium pay because Defendant Dover acted willfully and knew or showed reckless disregard in their violation of the FLSA.

50. Pursuant to the Defendants' policies and practices, the Defendants willfully violated the FLSA by refusing and failing to pay the Plaintiff's overtime and minimum wages.

51. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find the Defendants acted in good faith in failing to pay Plaintiff overtime compensation, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld from Plaintiff by the Defendants. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

53. Plaintiff requests relief as described below and as permitted by law.

## Count II – Breach of Duty of Good Faith and Fair Dealing

54. The plaintiffs reallege and reassert the allegations of each preceding paragraph as if fully set forth herein.

55. Dover had a contract with Grondin by which Grondin was employed by Dover.

56. Implicit in every contract is the duty of good faith and fair dealing.

57. By the actions as described herein, Dover violated its duty of good faith and fair dealing to Grondin. These actions included, but are not limited to taking the benefit of Grondin working as an employee, without compensating her commensurate with other employees, and as required by law, including paying her for overtime, vacation, sick time, personal days, holidays, Raises, and bonuses, Employer side FICA contributions (self employment taxes), Health Insurance Coverage, Short term and long term disability coverage, 401k contributions and participation and/or ERISA-plan contributions and participation, workers' compensation coverage, unemployment coverage, family and medical leave, and other benefits of employment.

58. As a direct and proximate result of Dover's violation of its duty of good faith and fair dealing, Grondin has suffered damage, and is entitled to an award in the amount of her damages.

## Count III – Unjust Enrichment and Quantum Meruit

59. The plaintiffs reallege and reassert the allegations of each preceding paragraph as if fully set forth herein.

60. Grondin provided services and value to Dover.

61. Dover did not appropriately or lawfully compensate Grondin for her efforts, or for the value or services that she provided to Dover.

62. The appropriate value of Ms. Grondin's services and labor is the amount a similarly situated employee would be compensated, including all of the benefits that such an employee would have received.

63. By its actions as described herein, Dover benefitted from, and was unjustly enriched by the labor of Grondin. These actions included, but are not limited to taking the benefit of Grondin working as an employee, without compensating her commensurate with other employees, and as required by law, including paying her for overtime, vacation, sick time, personal days, holidays, Raises, and bonuses, Employer side FICA contributions (self employment taxes), Health Insurance Coverage, Short term and long term disability coverage, 401k contributions and participation and/or ERISA-plan contributions and participation, workers' compensation coverage, unemployment coverage, family and medical leave, and other benefits of employment.

64. As a direct and proximate result of Dover's unjust enrichment, Grondin is entitled to an award of her damages in an amount equal to the amount by which Dover was unjustly enriched, on a theory of either unjust enrichment and/or quantum meruit.

## Count IV – Intentional and/or Negligent Misrepresentation

65. The plaintiffs reallege and reassert the allegations of each preceding paragraph as if fully set forth herein.

66. For the length of Grondin's employment with Dover, Dover intentionally and/or negligently misrepresented to Grondin that they were entitled to classify her as an independent contractor rather than an employee.

67. This representation was not, and is not, true.

68. Dover knew that this misrepresentation was not true at the time it was made, and took significant steps over the course of Grondin's employment to conceal their misrepresentation.

69. Grondin relied on Dover's misrepresentation to her detriment.

70. As a direct and proximate result of Dover's intentional and/or negligent misrepresentation, Grondin has suffered damage, and is entitled to an award in the amount of her damages.

Count V – Negligent and Wrongful Hiring, Supervision, and Retention

71. The plaintiffs reallege and reassert the allegations of each preceding paragraph as if fully set forth herein.

72. Dover knew or should have known of the inappropriate actions and behavior of Ms. Taylor, including without limitation those actions and behavior directed towards Ms. Grondin. These actions spanned the course of up to eight years, and were reported to Dover on at least 3 occasions.

73. Dover was negligent in the hiring, retention, and supervision of Ms. Taylor.

74. Dover was additionally negligent in maintaining Ms. Taylor in a position where she was able to maintain her pattern of harassment of Ms. Grondin, and ultimately assault Ms. Grondin.

75. Dover was additionally negligent in the manner which which it reacted to and followed up upon the assault, which caused Ms. Grondin further injury.

76. Dover's conduct in the hiring, supervision, and retention of Ms. Taylor rose to the level of gross negligence, reckless indifference to the rights of Ms. Grondin, and/or wanton, malicious, and oppressive conduct.

77. As a direct and proximate result of Dover's negligence and/or gross negligence, willful indifference, and/or wanton, malicious, and oppressive conduct, including the wrongful and negligent hiring, retention, and supervision of Ms. Taylor, Grondin has suffered damage, and is entitled to an award in the amount of her damages, plus any available enhanced multiple and punitive damages.

Count VI – Vicarious Liability for Intentional Acts of Ms. Taylor (Intentional Tort)

78. The plaintiffs reallege and reassert the allegations of each preceding paragraph as if fully set forth herein.

79. By the actions outlined herein, including without limitation the pattern of harassment and threats, the assault(s), and the slamming of the door to confine Ms. Grondin in one of Dover's offices, Ms. Taylor committed intentional and tortious acts against Ms. Grondin, including assault, battery, false imprisonment, and intentional and/or negligent infliction of emotional and mental distress.

80. These acts, and each of them, directly and proximately caused substantial harm and damage to the plaintiff, Ms. Grondin.

81. At all times relevant, and during and with respect to all such acts, actions, and patterns, Ms. Taylor was employed by Dover.

82. At all times relevant, and during and with respect to all such acts, actions, and patterns, Ms. Taylor was acting within the scope of her employment with Dover.

83. All of Ms. Taylor's alleged offending acts, actions, and patterns were perpetrated during work hours, and on the property of Dover.

84. At all times relevant, Ms. Taylor was apparently motivated, at least in part, to further the interests of the employer; namely she was generally confronting Ms. Grondin about her schedule and demanding she account for her time out of the office.

85. Dover is vicariously liable for the actions of its employee, Ms. Taylor, for the damages such actions caused to Ms. Grondin, and Ms. Grondin is entitled to an award as against Dover in the amount of her damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests the Court enter judgment for the Plaintiff, and in favor of plaintiff:

a. Award damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

b. Award liquidated damages under 29 U.S.C. § 216(b);

c. Award reasonable attorneys' fees under the Fair Labor Standards Act;

d. Award costs of suit under 29 U.S.C. § 216(b);

e. Award pre-judgment interest;

f. Award damages including wages or other compensation lost as a result of the misclassification;

g. Award damages related to the negligent hiring, supervision, and retention by Dover of Ms. Taylor;

h. Award damages based upon Dover's vicarious liability for the actions of Taylor; and

i. Grant any further relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury for all issues so triable.

                                                Respectfully submitted,

                                                The Plaintiff,

                                                PEGGY A. GRONDIN,
                                                By her attorneys,

Dated: 04/20/2017            By:  /s/ Christopher T. Meier
                                                Christopher T. Meier, BBO #640995
                                                COOPER CARGILL CHANT, P.A.
                                                2935 White Mountain Highway
                                                North Conway, New Hampshire 03860
                                                Tel:   (603) 356-5439
                                                Fax:   (603) 356-7975
                                                Email: cmeier@coopercargillchant.com